1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11   WILLIAM R. SCHUCK, JR., an
     individual,
12                                        NO. CIV. 2:11-3069 WBS GGH

          Plaintiff,
13
          v.                              ORDER RE: MOTION TO DISMISS
14                                        FIRST AMENDED COMPLAINT

15   FEDERAL NATIONAL MORTGAGE
     ASSOCIATION, a Federally
16   Chartered Entity aka FANNIE
     MAE, GMAC MORTGAGE, HOMECOMINGS
17   FINANCIAL NETWORK, INC., and
     DOES 1 THROUGH 100, inclusive,
18

19        Defendants.

20   _____/

21                         ----oo0oo----

22        Plaintiff William R. Schuck, Jr., brought this action

23   against defendants Federal National Mortgage Association aka

24   Fannie Mae ("Fannie Mae"), GMAC Mortgage LLC ("GMAC"),[1] and

25

26

27   _____

28        [1]   GMAC Mortgage LLC was erroneously sued as GMAC
     Mortgage.

                                   1

1   Homecomings Financial LLC ("Homecomings")[2], stating claims for

2   fraud, negligent misrepresentation, wrongful foreclosure, and

3   violation of the Real Estate Settlement Procedures Act ("RESPA")

4   arising out of the allegedly wrongful foreclosure of plaintiff's

5   property located at 272 Shepard Lane, Bishop, California ("the

6   Shepard Lane property").  Currently before the court is the joint

7   motion filed by all defendants to dismiss plaintiff's First

8   Amended Complaint ("FAC") in its entirety for failure to state a

9   claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

10  I.   Factual and Procedural Background

11         Plaintiff obtained a loan in the amount of $278,000

12  from Homecomings, which was secured by a Deed of Trust recorded

13  against the Shepard Lane property.  (Req. for Judicial Notice Ex.

14  A (Docket No. 12-2).)  An Assignment of Deed of Trust was

15  recorded on August 21, 2006, which stated that Homecomings

16  transferred the Deed of Trust on the Shepard Lane property to

17  GMAC.  (Id. Ex. B.)  GMAC then caused to be recorded a

18  Substitution of Trustee, which replaced the original trustee

19  under the Deed of Trust with Executive Trustee Services, LLC.

20  (Id. Ex. C.)

21         Plaintiff alleges that on July 21, 2003, Jennifer

22  Burgen on behalf of GMAC represented to him that GMAC was the

23  true owner of the loan and that he should make all mortgage

24  payments to GMAC.  (FAC ¶ 13 (Docket No. 11).)  Plaintiff further

25  alleges that similar representations were made in invoices and

26  billing statements through May 2011.  (Id.)  Plaintiff claims

27  ───────────────

28         [2]   Homecomings Financial, LLC was erroneously sued as
    Homecomings Financial Network, Inc.

                                    2

1  that these representations are false, but alleges that "the true

2  owner of the subject deed of trust and/or its successor in

3  interest is unknown to Plaintiff." (Id. ¶ 14.)

4      Between May 2009 and December 2009, plaintiff spoke to

5  GMAC about the possibility of participating in a loan

6  modification program. (Id. ¶ 17.) Plaintiff alleges that GMAC

7  falsely represented that he could participate in a loan

8  modification program and that it had "authority to modify the

9  interest rate, payment amount and balance on his indebtedness."

10 (Id. ¶¶ 17-19.) He further claims that GMAC incorrectly informed

11 him that in order to participate in that program he would have to

12 stop making regular loan payments. (Id. ¶¶ 20, 22.) Finally, he

13 alleges that GMAC falsely represented to him that his credit

14 would not be adversely affected by his participation in the loan

15 modification program and that during the loan modification

16 process "there would be forbearance by GMAC on collection

17 actions, including foreclosure proceedings." (Id. ¶¶ 20-22.)

18     On April 22, 2010, a Notice of Default on plaintiff's

19 loan was recorded. (Req. for Judicial Notice Ex. D.) Several

20 months later, on July 23, 2010, a Notice of Trustee's Sale was

21 recorded. (Id. Ex. E.)

22     The Shepard Lane property was sold in a foreclosure

23 sale to Fannie Mae, and on March 10, 2011, a Trustee's Deed Upon

24 Sale was recorded listing Freddie Mac as the new owner of the

25 property. (Id. Ex. F.)

26     Plaintiff filed suit against Fannie Mae and GMAC in the

27 Superior Court of Inyo County on February 22, 2011, stating

28 claims for quiet title and slander of title, fraud, negligent

3

1  misrepresentation, bad faith, wrongful foreclosure, violation of

2  15 U.S.C. § 1692f, and violation of RESPA. (Id. Ex. G.)  After

3  being transferred to the Eastern District of California, that

4  case was dismissed with prejudice on July 19, 2011. (See id. H,

5  I.)

6         Plaintiff filed this action in the Superior Court of

7  Inyo County on August 16, 2011. (Notice of Removal ¶ 1 (Docket

8  No. 1).)  Defendants removed the case to federal court pursuant

9  to 28 U.S.C. § 1331 and 28 U.S.C. § 1332. (Id. ¶ 5.)  The

10  present motion to dismiss was filed on January 27, 2012. (Docket

11  No. 12.)  Plaintiff filed a late statement of non-opposition.

12  (Docket No. 17.)

13  II.  Discussion

14         To survive a motion to dismiss, a plaintiff must plead

15  "only enough facts to state a claim to relief that is plausible

16  on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

17  (2007).  This "plausibility standard," however, "asks for more

18  than a sheer possibility that a defendant has acted unlawfully,"

19  Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949

20  (2009), and "[w]here a complaint pleads facts that are 'merely

21  consistent with' a defendant's liability, it 'stops short of the

22  line between possibility and plausibility of entitlement to

23  relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  In deciding

24  whether a plaintiff has stated a claim, the court must accept the

25  allegations in the complaint as true and draw all reasonable

26  inferences in favor of the plaintiff. Scheuer v. Rhodes, 416

27  U.S. 232, 236 (1974), overruled on other grounds by Davis v.

28  Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322

4

1  (1972).

2         In general, a court may not consider items outside the
3  pleadings when deciding a motion to dismiss, but it may consider
4  items of which it can take judicial notice.  Barron v. Reich, 13
5  F.3d 1370, 1377 (9th Cir. 1994).  A court may take judicial
6  notice of facts "not subject to reasonable dispute" because they
7  are either "(1) generally known within the territorial
8  jurisdiction of the trial court or (2) capable of accurate and
9  ready determination by resort to sources whose accuracy cannot
10 reasonably be questioned."  Fed. R. Evid. 201.  Judicial notice
11 may properly be taken of matters of public record outside the
12 pleadings.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504
13 (9th Cir. 1986).

14        Defendants request that the court judicially notice
15 several recorded documents pertaining to the Shepard Lane
16 property.  (See Defs.' Req. for Judicial Notice Exs. A-F.)  The
17 court will take judicial notice of these documents, since they
18 are matters of public record whose accuracy cannot be questioned.
19 See Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001).

20        Defendants also request that the court judicially
21 notice the previous Complaint filed by plaintiff and the order
22 dismissing that action with prejudice.  (Defs.' Req. for Judicial
23 Notice Exs. G-I.)  To the extent that defendants request that the
24 court take judicial notice that the previous Complaint was filed
25 and later dismissed, the request is granted.  See
26 Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136
27 F.3d 1360, 1364 (9th Cir. 1998).  However, the court will not
28 take judicial notice of any disputed facts contained in these

5

1  documents.  <u>See</u> <u>Lee</u>, 250 F.3d at 690.

2     A.   <u>Claims Against Homecomings</u>

3          It is not clear from the FAC that plaintiff intends to

4  bring any claim against Homecomings.  Although listed in the

5  caption of the FAC, Homecomings' name does not appear at all in

6  the body of the FAC and plaintiff does not include any factual

7  allegations specific to Homecomings.  Additionally, the only

8  claim the court might construe as being brought against

9  Homecomings is plaintiff's claim for wrongful foreclosure, which

10  is brought against "all Defendants" unlike the other three claims

11  brought against only Fannie Mae and GMAC.  Such a complaint does

12  not plausibly suggest that plaintiff is entitled to relief from

13  Homecomings.  Accordingly, plaintiff has failed to state a valid

14  claim for wrongful foreclosure against Homecomings.

15     B.   <u>Claims Against GMAC and Fannie Mae</u>

16          Under federal law, claim preclusion--otherwise known as

17  res judicata--bars "lawsuits on 'any claims that were raised or

18  could have been raised' in a prior action."  <u>Stewart v. U.S.</u>

19  <u>Bancorp</u>, 297 F.3d 953, 956 (9th Cir. 2002) (quoting <u>Owens v.</u>

20  <u>Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 713 (9th Cir.

21  2001)).  Claim preclusion requires the moving party to satisfy

22  three elements: (1) an identity of the claims, (2) the previous

23  action must have resulted in a final judgment on the merits, and

24  (3) the present action must involve the same parties or persons

25  in privity of interest.  <u>Providence Health Plan v. McDowell</u>, 385

26  F.3d 1168, 1173-74 (9th Cir. 2004).

27          Plaintiff filed a previous lawsuit against GMAC and

28  Fannie Mae in which he claimed that his property, located at 272

6

1    Shepard Lane, Bishop, California, was fraudulently foreclosed

2    upon.   In this previous action, he raised claims including fraud,

3    negligent misrepresentation, wrongful foreclosure, and violation

4    of RESPA.   As a result of plaintiff's failure to timely file an

5    amended complaint, that action was dismissed with prejudice.

6          The current action also relates to property located at

7    272 Shepard Lane, Bishop, California, and in it plaintiff again

8    raises claims for fraud, negligent misrepresentation, wrongful

9    foreclosure, and violation of RESPA.   Element one, an identity of

10   the claims, is therefore met.   With respect to element two,

11   "'final judgment on the merits' is synonymous with 'dismissal

12   with prejudice.'"   Hells Canyon Pres. Council v. U.S. Forest

13   Serv., 403 F.3d 683, 686 (9th Cir. 2005).   It is of no moment

14   that the earlier action was dismissed due to plaintiff's failure

15   to timely file an amended complaint because "[d]enial of leave to

16   amend in a prior action based on dilatoriness does not prevent

17   application of res judicata."   Mpoyo v. Litton Electro-Optical

18   Sys., 430 F.3d 985, 989 (9th Cir. 2005).   Finally, the third

19   element is met because GMAC, Fannie Mae, and plaintiff are all

20   parties to both actions.   It is clear, therefore, that with

21   respect to defendants GMAC and Fannie Mae all of plaintiff's

22   claims are barred by res judicata.

23        C.   Leave to Amend

24          "Valid reasons for denying leave to amend include undue

25   delay, bad faith, prejudice, and futility."   Cal. Architectural

26   Bldg. Prods. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th

27   Cir. 1988).   Furthermore, while leave to amend must be freely

28   given, the court is not required to allow futile amendments.   See

7

1  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir.
2  1992); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,
3  701 F.2d 1276, 1293 (9th Cir. 1983); Reddy v. Litton Indus.,
4  Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E.
5  & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

6          "Under res judicata, a final judgment on the merits of
7  an action precludes the parties or their privies from
8  relitigating issues that were or could have been raised in that
9  action." Allen v. McCurry, 449 U.S. 90, 94 (1980).  Since
10  plaintiff is precluded from relitigating issues arising from the
11  foreclosure of the Shepard Lane property against GMAC and Fannie
12  Mae, it would be futile to grant him leave to amend as to these
13  defendants.  See Ann v. Tindle, 321 Fed. Appx. 619, 620 (9th Cir.
14  2009) (affirming denial of leave to amend where district court
15  found an earlier unlawful detainer action was res judicata to a
16  plaintiff's action for breach of contract and civil rights
17  violations).  Additionally, after filing a late statement of non-
18  opposition to defendants' motion to dismiss as to all defendants,
19  plaintiff's counsel failed to appear at the scheduled hearing
20  when he could have argued that leave to amend should be granted.
21  The only conclusion that the court can draw from such conduct is
22  that plaintiff assumed that the entire complaint, including the
23  claims against Homecomings, would be dismissed with prejudice.

24      D.  Sanctions

25          Plaintiff filed his statement of non-opposition to
26  defendants' motion to dismiss on March 5, 2012.  According to
27  Local Rule 230(c), an opposition or statement of non-opposition
28  to the granting of a motion must be filed and served not less

8

1  than fourteen days preceding the noticed hearing date.  As the

2  hearing for this matter was set for March 12, 2012, plaintiff

3  filed his statement one week late.

4  　　　　Local Rule 110 authorizes the court to impose sanctions

5  for "[f]ailure of counsel or of a party to comply with these

6  Rules."  As this is not the first time that plaintiff's counsel

7  has failed to comply with this local rule in this case, the court

8  chooses to impose financial sanctions.  Therefore, the court will

9  sanction plaintiff's counsel, John Scott Manzano, $200.00 payable

10  to the Clerk of the Court within ten days from the date of this

11  Order, unless he shows good cause for his failure to comply with

12  the Local Rules.

13  　　　　IT IS THEREFORE ORDERED that defendants' motion to

14  dismiss be, and the same hereby is, GRANTED WITH PREJUDICE.

15  　　　　IT IS FURTHER ORDERED that within ten days of this

16  Order John Scott Manzano shall either (1) pay sanctions of

17  $200.00 to the Clerk of the Court, or (2) submit a statement of

18  good cause explaining his failure to comply with Local Rule

19  230(c).

20  DATED: March 13, 2012

21

22  _____

23  WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

24

25

26

27

28

9