UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

WILLIAM R. SCHUCK, JR., an individual,

      Plaintiff,

  v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, a Federally Chartered Entity aka FANNIE MAE, GMAC MORTGAGE, HOMECOMINGS FINANCIAL NETWORK, INC., and DOES 1 THROUGH 100, inclusive,

      Defendants.

_____/

NO. CIV. 2:11-3069 WBS GGH

<u>ORDER RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>

----oo0oo----

      Plaintiff William R. Schuck, Jr., brought this action against defendants Federal National Mortgage Association aka Fannie Mae ("Fannie Mae"), GMAC Mortgage LLC ("GMAC"),[1] and

---

[1] GMAC Mortgage LLC was erroneously sued as GMAC Mortgage.

1

Homecomings Financial LLC ("Homecomings")[2], stating claims for fraud, negligent misrepresentation, wrongful foreclosure, and violation of the Real Estate Settlement Procedures Act ("RESPA") arising out of the allegedly wrongful foreclosure of plaintiff's property located at 272 Shepard Lane, Bishop, California ("the Shepard Lane property"). Currently before the court is the joint motion filed by all defendants to dismiss plaintiff's First Amended Complaint ("FAC") in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.  Factual and Procedural Background

Plaintiff obtained a loan in the amount of $278,000 from Homecomings, which was secured by a Deed of Trust recorded against the Shepard Lane property. (Req. for Judicial Notice Ex. A (Docket No. 12-2).) An Assignment of Deed of Trust was recorded on August 21, 2006, which stated that Homecomings transferred the Deed of Trust on the Shepard Lane property to GMAC. (Id. Ex. B.) GMAC then caused to be recorded a Substitution of Trustee, which replaced the original trustee under the Deed of Trust with Executive Trustee Services, LLC. (Id. Ex. C.)

Plaintiff alleges that on July 21, 2003, Jennifer Burgen on behalf of GMAC represented to him that GMAC was the true owner of the loan and that he should make all mortgage payments to GMAC. (FAC ¶ 13 (Docket No. 11).) Plaintiff further alleges that similar representations were made in invoices and billing statements through May 2011. (Id.) Plaintiff claims

---

[2] Homecomings Financial, LLC was erroneously sued as Homecomings Financial Network, Inc.

2

that these representations are false, but alleges that "the true owner of the subject deed of trust and/or its successor in interest is unknown to Plaintiff." (Id. ¶ 14.)

Between May 2009 and December 2009, plaintiff spoke to GMAC about the possibility of participating in a loan modification program. (Id. ¶ 17.) Plaintiff alleges that GMAC falsely represented that he could participate in a loan modification program and that it had "authority to modify the interest rate, payment amount and balance on his indebtedness." (Id. ¶¶ 17-19.) He further claims that GMAC incorrectly informed him that in order to participate in that program he would have to stop making regular loan payments. (Id. ¶¶ 20, 22.) Finally, he alleges that GMAC falsely represented to him that his credit would not be adversely affected by his participation in the loan modification program and that during the loan modification process "there would be forbearance by GMAC on collection actions, including foreclosure proceedings." (Id. ¶¶ 20-22.)

On April 22, 2010, a Notice of Default on plaintiff's loan was recorded. (Req. for Judicial Notice Ex. D.) Several months later, on July 23, 2010, a Notice of Trustee's Sale was recorded. (Id. Ex. E.)

The Shepard Lane property was sold in a foreclosure sale to Fannie Mae, and on March 10, 2011, a Trustee's Deed Upon Sale was recorded listing Freddie Mac as the new owner of the property. (Id. Ex. F.)

Plaintiff filed suit against Fannie Mae and GMAC in the Superior Court of Inyo County on February 22, 2011, stating claims for quiet title and slander of title, fraud, negligent

3

misrepresentation, bad faith, wrongful foreclosure, violation of 15 U.S.C. § 1692f, and violation of RESPA. (Id. Ex. G.) After being transferred to the Eastern District of California, that case was dismissed with prejudice on July 19, 2011. (See id. H, I.)

Plaintiff filed this action in the Superior Court of Inyo County on August 16, 2011. (Notice of Removal ¶ 1 (Docket No. 1).) Defendants removed the case to federal court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332. (Id. ¶ 5.) The present motion to dismiss was filed on January 27, 2012. (Docket No. 12.) Plaintiff filed a late statement of non-opposition. (Docket No. 17.)

II. Discussion

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009), and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). In deciding whether a plaintiff has stated a claim, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322

4

(1972).

In general, a court may not consider items outside the pleadings when deciding a motion to dismiss, but it may consider items of which it can take judicial notice. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Judicial notice may properly be taken of matters of public record outside the pleadings. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

Defendants request that the court judicially notice several recorded documents pertaining to the Shepard Lane property. (See Defs.' Req. for Judicial Notice Exs. A-F.) The court will take judicial notice of these documents, since they are matters of public record whose accuracy cannot be questioned. See Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001).

Defendants also request that the court judicially notice the previous Complaint filed by plaintiff and the order dismissing that action with prejudice. (Defs.' Req. for Judicial Notice Exs. G-I.) To the extent that defendants request that the court take judicial notice that the previous Complaint was filed and later dismissed, the request is granted. See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998). However, the court will not take judicial notice of any disputed facts contained in these

5

documents.  See Lee, 250 F.3d at 690.

### A. Claims Against Homecomings

It is not clear from the FAC that plaintiff intends to bring any claim against Homecomings.  Although listed in the caption of the FAC, Homecomings' name does not appear at all in the body of the FAC and plaintiff does not include any factual allegations specific to Homecomings.  Additionally, the only claim the court might construe as being brought against Homecomings is plaintiff's claim for wrongful foreclosure, which is brought against "all Defendants" unlike the other three claims brought against only Fannie Mae and GMAC.  Such a complaint does not plausibly suggest that plaintiff is entitled to relief from Homecomings.  Accordingly, plaintiff has failed to state a valid claim for wrongful foreclosure against Homecomings.

### B. Claims Against GMAC and Fannie Mae

Under federal law, claim preclusion--otherwise known as res judicata--bars "lawsuits on 'any claims that were raised or could have been raised' in a prior action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)).  Claim preclusion requires the moving party to satisfy three elements: (1) an identity of the claims, (2) the previous action must have resulted in a final judgment on the merits, and (3) the present action must involve the same parties or persons in privity of interest. Providence Health Plan v. McDowell, 385 F.3d 1168, 1173-74 (9th Cir. 2004).

Plaintiff filed a previous lawsuit against GMAC and Fannie Mae in which he claimed that his property, located at 272

6

1  Shepard Lane, Bishop, California, was fraudulently foreclosed
2  upon.  In this previous action, he raised claims including fraud,
3  negligent misrepresentation, wrongful foreclosure, and violation
4  of RESPA.  As a result of plaintiff's failure to timely file an
5  amended complaint, that action was dismissed with prejudice.
6       The current action also relates to property located at
7  272 Shepard Lane, Bishop, California, and in it plaintiff again
8  raises claims for fraud, negligent misrepresentation, wrongful
9  foreclosure, and violation of RESPA.  Element one, an identity of
10 the claims, is therefore met.  With respect to element two,
11 "'final judgment on the merits' is synonymous with 'dismissal
12 with prejudice.'"  Hells Canyon Pres. Council v. U.S. Forest
13 Serv., 403 F.3d 683, 686 (9th Cir. 2005).  It is of no moment
14 that the earlier action was dismissed due to plaintiff's failure
15 to timely file an amended complaint because "[d]enial of leave to
16 amend in a prior action based on dilatoriness does not prevent
17 application of res judicata."  Mpoyo v. Litton Electro-Optical
18 Sys., 430 F.3d 985, 989 (9th Cir. 2005).  Finally, the third
19 element is met because GMAC, Fannie Mae, and plaintiff are all
20 parties to both actions.  It is clear, therefore, that with
21 respect to defendants GMAC and Fannie Mae all of plaintiff's
22 claims are barred by res judicata.
23      C.   Leave to Amend
24          "Valid reasons for denying leave to amend include undue
25 delay, bad faith, prejudice, and futility."  Cal. Architectural
26 Bldg. Prods. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th
27 Cir. 1988).  Furthermore, while leave to amend must be freely
28 given, the court is not required to allow futile amendments.  See

7

DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983); Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). Since plaintiff is precluded from relitigating issues arising from the foreclosure of the Shepard Lane property against GMAC and Fannie Mae, it would be futile to grant him leave to amend as to these defendants. See Ann v. Tindle, 321 Fed. Appx. 619, 620 (9th Cir. 2009) (affirming denial of leave to amend where district court found an earlier unlawful detainer action was res judicata to a plaintiff's action for breach of contract and civil rights violations). Additionally, after filing a late statement of non-opposition to defendants' motion to dismiss as to all defendants, plaintiff's counsel failed to appear at the scheduled hearing when he could have argued that leave to amend should be granted. The only conclusion that the court can draw from such conduct is that plaintiff assumed that the entire complaint, including the claims against Homecomings, would be dismissed with prejudice.

D.   Sanctions

Plaintiff filed his statement of non-opposition to defendants' motion to dismiss on March 5, 2012. According to Local Rule 230(c), an opposition or statement of non-opposition to the granting of a motion must be filed and served not less

8

than fourteen days preceding the noticed hearing date.  As the hearing for this matter was set for March 12, 2012, plaintiff filed his statement one week late.

Local Rule 110 authorizes the court to impose sanctions for "[f]ailure of counsel or of a party to comply with these Rules."  As this is not the first time that plaintiff's counsel has failed to comply with this local rule in this case, the court chooses to impose financial sanctions.  Therefore, the court will sanction plaintiff's counsel, John Scott Manzano, $200.00 payable to the Clerk of the Court within ten days from the date of this Order, unless he shows good cause for his failure to comply with the Local Rules.

IT IS THEREFORE ORDERED that defendants' motion to dismiss be, and the same hereby is, GRANTED WITH PREJUDICE.

IT IS FURTHER ORDERED that within ten days of this Order John Scott Manzano shall either (1) pay sanctions of $200.00 to the Clerk of the Court, or (2) submit a statement of good cause explaining his failure to comply with Local Rule 230(c).

DATED: March 13, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE